H'ARDY, Judge.
This is an action ex delicto in which plaintiff father seeks to recover, on behalf of his minor son, damages for personal injuries sustained by the minor, and, individually, for hospital and medical expenses. Defendant interposed an exception of no cause and no right of action which was sustained *927 and plaintiff’s suit dismissed. From this judgment plaintiff has appealed.
The exception was based upon the contention that plaintiff’s petition contained no allegations of negligence on the part of defendant school board, its agents or employees, which would constitute a proximate cause of the accident which resulted in injury to plaintiff’s minor son.
Examination of the petition discloses the allegations that plaintiff’s minor son, a student of North Caddo High School in Vivian, Louisiana, was ordered by his teacher, with the consent and approval of the Principal, to go out of the school on an errand, the purpose of which was specifically set forth, and that while traveling on the errand designed for the benefit of the school, away from the school premises, he met with an accident. The only specification found in the petition with relation to the nature of the accident was set forth in these words:
“He had an automobile collision in the City of Vivian, Louisiana, at the intersection of North East Front and Alabama Streets, while riding and was run into by a vehicle (automobile) which was owned by one Charles P. Nelson, and driven by Mrs. Sara Nelson.”
The petition contains no factual allegations which could possibly serve as the basis for the finding of fault or negligence on the part of defendant, its agents or employees, nor is the occurrence of the accident in any sense connected with a legal obligation on the part of defendant.
We are quite willing to accept the contention of counsel for plaintiff that the case rests on the interpretation of R.C.C. Article 2315, and we are further willing to concede, arguendo, the entitlement to a liberal construction of the Article. Despite this acceptance and resulting concession, there can be no possible question as to the conclusion that the Article requires an establishment of fault as the basis of recovery. In the absence of any allegation of any act of fault or negligence on the part of defendant related to the occurrence of the accident, we cannot conclude that even the most liberal interpretation would justify the acceptance of the allegations made as sufficient to support a cause of action.
The case of Whitfield v. East Baton Rouge Parish School Board (La.App. 1st Cir., 1949), 43 So.2d 47, is authority for the principle that a school board is required to take reasonable precautions and care to avoid injury to students. This case affirmed judgment rejecting plaintiffs’ demands on the ground that they failed to establish fault on the part of defendant. In the present case, as above observed, the petition itself fails to disclose any allegation of fault on the part of defendant which caused the accide/it resulting in injury.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.